## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SANDRO ARTEAGA, | ) |
|                 Plaintiff, | ) **COMPLAINT** |
| v. | ) Case No.: 6:20-cv-00091 |
| CREDIT COLLECTION SERVICES, INC. | ) **JURY TRIAL DEMANDED** |
|                 Defendant. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Sandro Arteaga, by and through the undersigned counsel, and for his Complaint against Defendant, Credit Collection Services, Inc. ("CCS") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and CCS transacts business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. CCS's collection activities violated the FDCPA.

5. Defendant's credit reporting and/or failure to properly dispute information violated the FCRA.

6. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v.

1

Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

7. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

9. Plaintiff, Sandro Arteaga (hereafter "Plaintiff"), is a natural person currently residing in Texas.

10. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

11. Defendant CCS is a Massachusetts company engaged in the business of collecting debts, using mails and telephone, in this state with its address at 240 Commercial Street, Suite 3A, Boston, Massachusetts 02109.

12. CCS is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

13. CCS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than CCS.

15. The alleged debt is said to have been owed to Kemper Insurance and would only have been used by Plaintiff for personal, family, or household purposes.

16. Upon information and belief, on a date better known by CCS, CCS began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about February 26, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

18. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. During the telephone call, Plaintiff informed Defendant he was disputing the alleged debt.

21. At that time, Defendant's representative did not accept the dispute.

22. Defendant's representative instead asked for a reason for the dispute.

23. When Plaintiff again tried to exercise his right to dispute the alleged account, she again asked why Plaintiff did not feel he owed the alleged debt.

24. Plaintiff explained again that he wanted to dispute the alleged debt.

25.     Defendant again ignored the fact that Plaintiff disputed the alleged debt in favor of asking Plaintiff again if he had a reason for his dispute.

26.     Plaintiff may dispute an alleged debt for any reason he chooses. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

27.     Defendant attempted to stymie Plaintiff's rights by discrediting his dispute when it demanded it must be given a reason he did not feel he owed the debt.

28.     Defendant then attempted to circumvent Plaintiff's right to dispute the alleged debt by offering a settlement.

29.     After receipt of Plaintiff's dispute, Defendant should have marked the account as disputed and ceased collection attempts until proper validation could be obtained.

30.     Instead, Defendant attempted to coerce Plaintiff into making a payment on the alleged debt that he otherwise would not have made.

31.     Defendant's representative's collection attempts in the form of settlement offers after Plaintiff disputed the alleged debt are improper and unacceptable.

32.     Next, Defendant stated that in order to dispute the balance, Plaintiff needed to send in documentation showing the balance was not due.

33.     Plaintiff is under absolutely no obligation to prove the invalidity of a debt. Rather, it is a duty of Defendant to prove the debt is valid if it wants to continue to attempt to collect on the alleged debt.

4

34. Next, Defendant told Plaintiff that the account was adversely on his credit report and stated that if Plaintiff paid the alleged debt, Defendant could update the account.

35. Defendant threatened Plaintiff's credit in an attempt to get him to pay on the alleged debt.

36. Defendant tried to convince Plaintiff to make payments on the alleged debt rather than dispute the alleged debt by misleading Plaintiff as to how his credit would be impacted.

37. There are numerous ways an account may be modified or deleted off of an individual's credit, yet Defendant chose to tell Plaintiff that he needed to pay the alleged debt.

38. Continuing the line of egregious, improper statements, Defendant then told Plaintiff he needed to send in a letter to dispute the alleged debt.

39. It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf.,

139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

40. Defendant's representative oppressed Plaintiff's rights by not immediately ceasing communication after acknowledging the dispute of the alleged debt. Defendant chose to misrepresent the law to Plaintiff in a litany of ways, rather than accept Plaintiff's dispute of the account.

41. All of Defendant's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

42. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

43. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

44. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

45. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

46. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

47. Defendant's collection communications are to be interpreted under the "least

6

sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

### COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

48. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

50. Defendant's collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

51. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

52. Defendant's collection efforts only serve to confuse and mislead the consumer.

53. Defendant's collection efforts were materially false, misleading, and deceptive.

54. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sandro Arteaga, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

      B.     Enter judgment in favor of Plaintiff Sandro Arteaga and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.     Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

55.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57.     Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

58.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

59.     Defendant's communications with Plaintiff were deceptive and misleading.

60.     Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

61.     Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sandro Arteaga, prays that this Court:

      A.     Declare that Defendant's debt collection actions violate the FDCPA;

      B.     Enter judgment in favor of Plaintiff Sandro Arteaga, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.     Grant other such further relief as deemed just and proper.

## JURY DEMAND

62. Plaintiff demands a trial by jury on all Counts so triable.

Respectfully Submitted,

**HALVORSEN KLOTE**

By:   /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com

*Attorneys for Plaintiff*
